IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-134-BO

ROBERT BOWSER, )
      Plaintiff, )
)
v. ) O R D E R
)
CREE, INC., THE CREE INC. )
SEVERANCE PAY GUIDELINES, THE )
CREE INC. SEVERANCE PROGRAM, )
THE AMENDED AND RESTATED )
SEVERANCE PROGRAM, and CREE, )
INC. IN ITS CAPACITY AS THE PLAN )
ADMINISTRATOR OF THE CREE )
SEVERANCE PAY GUIDELINES, CREE )
INC. SEVERANCE PROGRAM and/or )
AMENDED AND RESTATED )
SEVERANCE PROGRAM, )
      Defendants. )

This cause comes before the Court on plaintiff's motion to remand. Defendants have responded, plaintiff has replied, and a hearing on the matter was held before the undersigned on December 7, 2022, at Raleigh, North Carolina. Also pending is a motion by defendants to dismiss plaintiff's fifth claim for relief, of which the parties subsequently stipulated dismissal. In this posture, the motions are ripe for ruling. For the reasons that follow, the motion to dismiss is denied as moot and the motion to remand is granted.

BACKGROUND

Plaintiff instituted this action by filing a complaint in the Superior Court for Wake County, North Carolina. In his complaint, filed on July 12, 2019, plaintiff sought unpaid wages, liquidated damages, and attorney fees under the North Carolina Wage and Hour Act. Plaintiff alleges that his former employer, defendant Cree, Inc., failed to pay him severance as agreed in a

severance agreement and general release executed by the parties in September 2018. Plaintiff further alleged state law claims for breach of contract and unjust enrichment. *See* [DE 1-1 pp. 3-11].

Cree answered plaintiff's complaint raising a defense of complete preemption by the Employment Retirement Income Security Act of 1974 (ERISA) as well as counterclaims. *Id.* pp. 26-50. Plaintiff answered the counterclaims and the case proceeded through discovery. After the close of discovery, Cree filed a motion for summary judgment based on ERISA preemption grounds. [DE 24-2]. The Superior Court held that plaintiff's state law claims as well as Cree's ERISA preemption defense should proceed to trial. *See* [DE 24-6]. Plaintiff then sought to amend his complaint to assert alternative claims under ERISA in the event that it be determined after trial that his state law claims are preempted by ERISA. *Id.* That motion was granted, and plaintiff filed his amended complaint, adding the Cree ERISA defendants and two alternative claims under ERISA, on March 21, 2022. [DE 1-1 pp. 80-93]. Plaintiff's fourth claim for relief alleges a claim for violation of Section 502(a)(1)(B) of ERISA, "alternatively and solely in the event that Plaintiff's state claims are determined to be preempted by ERISA." *Id.* pp. 87-90. Plaintiff's fifth claim for relief alleges a claim for failing to comply with ERISA notice, reporting, and record keeping requirements in the alternative to plaintiff's state law claims, seeking penalties under Section 502(c)(1)(B) of ERISA. *Id.* p. 91.

On April 6, 2022, Cree removed plaintiff's action to this Court based upon its federal question jurisdiction. [DE 1]. Defendants filed their answer and counterclaim against plaintiff on April 20, 2022, and moved to dismiss plaintiff's fifth claim for relief on April 21, 2022. On May 6, 2022, the parties stipulated to the dismissal of plaintiff's fifth claim for relief and plaintiff moved to remand this case back to Wake County Superior Court.

2

# DISCUSSION

I.     Motion to dismiss.

As the parties have stipulated to the dismissal of plaintiff's fifth claim for relief, defendants' motion to dismiss this claim [DE 20] is hereby DENIED AS MOOT.

II.    Motion to remand.

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may not remove a case on the basis of a counterclaim or defense, but [a] complaint purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (emphasis omitted).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . . [I]f the case stated

3

> by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1);(3). A defendant may, however, waive its right to remove a case from state court if it has evidenced a "clear and unequivocal intent to remain in state court, [though] such a waiver should only be found in extreme situations." *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) (internal quotations and citation omitted).

Plaintiff argues that defendant Cree waived its right to removal by demonstrating a clear, unequivocal intent to remain in state court. Plaintiff further argues that the notice of removal was untimely, as defendant Cree had received a copy of the proposed amended complaint alleging ERISA claims more than thirty days before the notice of removal was filed.

The Court agrees that removal of this action was untimely and that by its actions Cree waived its right to removal. In order to trigger the thirty-day clock for removal, a defendant must be presented with either an initial pleading or an amended pleading, motion, or other paper which provides a ground for removal. The Fourth Circuit construes § 1446(b)(3) broadly to include the receipt, whether formal or informal, of any information by defendant which would demonstrate that the case is removable to federal court. *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186–87 (4th Cir. 2017).

In this case, the initial pleading contained the information required to put Cree on notice that the case was removable. Complete preemption of a state law claim by ERISA has long been recognized as a ground for removal to federal court. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). As early as the filing of its answer in Wake County Superior Court in September 2019, Cree moved to dismiss plaintiff's Wage and Hour Act claim as "completely preempted" by ERISA and further raised a defense of "complete" preemption under ERISA.

4

Complete preemption by ERISA is, as defendants recognize, distinct from conflict preemption by ERISA, as conflict preemption provides merely a defense to a state law claim and thus is not a proper ground for removal. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002). But, contrary to defendants' argument, Cree did not raise conflict preemption in its answer or motion to dismiss – it alleged and argued that plaintiff's claim is *completely* preempted by ERISA.

Rather than filing a notice of removal based upon complete preemption, Cree elected to litigate in Wake County Superior Court and after the close of discovery Cree filed a motion for summary judgment in which it again argued that plaintiff's claims are completely preempted by ERISA. Though defendants argue that Cree risked a remand challenge had it removed the original complaint, that is a risk Cree was required to weigh when it was put on notice that it had a right to remove; indeed, if, as Cree has argued in the state court case, plaintiff's claims are clearly preempted, then any risk of remand was arguably low.

Once a case is determined to be removable, the thirty-day time period begins to run. While the Court is not required to determine when Cree subjectively knew there were grounds for removal, *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997), it is satisfied that Cree's answer and motion to dismiss is sufficient on its face to demonstrate that Cree was aware it had grounds to remove plaintiff's complaint to federal court. Cree's failure to remove this case in 2019 once it was aware that it had a basis to remove due to complete ERISA preemption means that its removal April 2022 was untimely. *See also Waite v. Perfect Fit Indus., LLC*, No. 317CV00373FDWDCK, 2017 WL 3741554, at *2 (W.D.N.C. Aug. 30, 2017) (holding, without deciding whether ERISA preemption applied, that defendant started thirty-day time period for removal by arguing complete ERISA preemption in answer). The Court further relies on Cree's

5

Case 5:22-cv-00134-BO   Document 33   Filed 01/18/23   Page 5 of 7

conduct, which included actively litigating this matter for a period of years, despite again raising complete ERISA preemption in a motion for summary judgment, to amount to a waiver of its right to removal based on its clear intent to remain in state court. *See Northrup Grumman Tech. Servs.*, 865 F.3d at 188 (actively engaging in litigation for seven months despite knowledge that grounds for removal existed waived defendant's right to remove).

Cree additionally argues that the Cree ERISA defendants who were first named in the amended complaint are new parties who, themselves, have a right to remove the case as of the filing of the amended complaint. Removal requires the consent of each defendant that is a real party in interest. 28 U.S.C. § 1441(a); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). Plaintiff has persuasively argued, and defendants have not demonstrated otherwise, that the added Cree ERISA defendants are, in essence, nominal or formal parties in that they are not legally distinguishable from Cree itself. *See Hartford Fire Ins. Co.*, 736 F.3d at 260. The newly added defendants do not, therefore, provide a basis for proper removal.

In sum, Cree failed to timely remove this action based on the initial complaint and further waived its right to removal by extensively participating in litigation despite having grounds for removal. That plaintiff later amended the complaint to add alternative claims under ERISA[1] did not provide Cree with a new opportunity to remove the case. *See Clark v. Unum Life Ins. Co. of Am.*, 95 F. Supp. 3d 1335, 1356 (M.D. Fla. 2015). Finally, the addition of the nominal Cree ERISA defendants further did not provide Cree with an opportunity to remove. Accordingly, Cree's removal of the complaint was improper and remand of this matter to Wake County Superior Court is required.

---

[1] The Court further notes that the state court may exercise jurisdiction over plaintiff's remaining ERISA claim. *See* 29 U.S.C. § 1132(e)(1).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 20] is DENIED AS MOOT and plaintiff's motion to remand [DE 23] is GRANTED. This action is hereby REMANDED to Wake County Superior Court.

SO ORDERED, this _17_ day of January 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE